IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Herman Majors, | C/A No. 2:19-cv-1229-JFA-MGB |
| Petitioner, | |
| vs. | **ORDER** |
| Walter Vereen, | |
| Defendant. | |

## I. INTRODUCTION

Herman Majors, ("Petitioner"), proceeding *pro se*, is an inmate incarcerated at the Federal Correctional Institution in Edgefield, South Carolina, in the custody of the Federal Bureau of Prisons. Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss the Petition in this case without prejudice and without requiring Respondent to file a return, and decline to issue a certificate of appealability. (ECF No. 7). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

## II. LEGAL STANDARD

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## III. DISCUSSION

Petitioner was advised of his right to object to the Report, which was entered on the docket on May 10, 2019. (ECF No. 7). Petitioner filed timely objections on May 20, 2019. (ECF No. 10). Thus, this matter is ripe for review.

The Report recites the factual and procedural background giving rise to this action. Briefly, in 2012, a jury in the Middle District of Tennessee found Petitioner guilty of participating in a conspiracy to possess with the intent to distribute cocaine. The Court sentenced Petitioner to 360 months in prison. Thereafter, Petitioner filed an appeal challenging his sentence and conviction, which was affirmed by the Sixth Circuit and the Supreme Court denied certiorari. Petitioner then filed a motion under 28 U.S.C. § 2255. Although the sentencing court denied Petitioner's motion, it granted a certificate of appealability for three of his claims which were for ineffective assistance of counsel. However, the Sixth Circuit affirmed and the Supreme Court denied certiorari. Petitioner then filed this § 2241 petition. (ECF No. 1).

In his § 2241 petition, Petitioner challenges his conviction and sentence. He claims 1) the sentencing court improperly found him accountable for over 150 kilograms of cocaine, 2) it used a criminal history score that overstated the seriousness of his prior crimes, and 3) the sentencing court violated 21 U.S.C. § 851 by applying a recidivism enhancement to his sentence when the government did not file a § 851 recidivist information. (ECF No. 1). As the Report points out, Petitioner does not label any other issues as grounds for relief, however, he makes allegations bearing on the validity of his conviction. Petitioner requests this Court to vacate the sentencing court's judgment, not dismiss his Petition, and require the Respondent to file a return. (ECF No. 1, 10).

    a. **Claims Involving Legality of Sentence**

Petitioner relies on § 2255's "savings clause" to bring this action because he has already used up his first § 2255 motion and does not qualify for permission to file a successive § 2255 motion. The Magistrate Judge suggests that the instant Petition should be dismissed because Petitioner cannot prove that he can use § 2255's "savings clause" to challenge his sentence or conviction. (ECF No. 7).

As for Petitioner's claims challenging his sentence, the Magistrate Judge contends his claims cannot satisfy the test set forth in *Wheeler*.[2] *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). In *Wheeler*, the Fourth Circuit Court of Appeals set forth a four-part test for using the savings clause to challenge sentences. *Id.* First, the Magistrate Judge argues that Petitioner is

---

[2] Section § 2255 is inadequate or ineffective to test a sentence's legality when: 1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; 2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled law changed and was deemed to apply retroactively on collateral review; 3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and 4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

unable to satisfy *Wheeler*'s fourth requirement because his claims involve the sentencing court's guidelines calculations and those calculations are advisory. (ECF No. 7). Because the challenge is based on an advisory application of the Guidelines, the Magistrate Judge contends this claim cannot satisfy the fourth requirement of *Wheeler* which requires the error in sentencing to be a fundamental defect.

Construing the objections in the light most favorable to Petitioner, it appears he objects to this portion of the Report by stating that his sentence was imposed as a "result of an incorrect application of the sentencing guidelines" and he cites several cases for support. (ECF No. 10). However, the Magistrate Judge is correct, an incorrect application or a miscalculation of the sentencing guidelines does not qualify as a "fundamental defect" to satisfy *Wheeler's* fourth requirement. (ECF No. 7). In *United States v. Foote*, the Fourth Circuit held that a miscalculation of an advisory guidelines range is not a fundamental defect. *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015). A cognizable fundamental defect includes a "defect of a constitutional magnitude" and "defects that are equally fundamental, such as sentences issued in excess of the maximum authorized by law." *Id.* at 942. Because the United States Sentencing Guidelines lack "legal force," they are not "in the same category as a violation of statute or constitutional provision." *Id.* at 941-42. Petitioner was sentenced under the advisory sentencing guidelines and as such his claims that his sentence was imposed as an incorrect application of the guidelines fails to satisfy *Wheeler's* fourth requirement. *Lester v. Flourney*, 909 F.3d 708, 715 (4th Cir. 2018) (noting that "Foote undoubtedly would bar [petitioner's § 2241] petition had he been sentenced under the advisory [U.S.S.G.]."); *Kornegay v. Warden, FCI Butner*, No. 13-7565, 2019 WL 258720, at *1 (4th Cir. Jan. 17, 2019) (per curium) (unpublished) (affirming a district court's order denying § 2241 relief because petitioner "was sentenced under the advisory [U.S.S.G.] and <u>Foote</u> bars his petition").

Additionally, the Report addresses Petitioner's claim regarding § 841 and the Magistrate Judge argues that this claim also does not satisfy *Wheeler*. As the Report states, § 841 applies when the government is prosecuting someone under 21 U.S.C. § 841 and seeks an enhanced sentence based on the defendant's prior convictions. (ECF No. 7). In his Complaint, Petitioner argues that the government did not comply with § 841 at his sentencing which requires the government to file an information with the court identifying the prior convictions. (ECF No. 1). The Magistrate Judge contends that this claim does not satisfy the second requirement of *Wheeler* because § 841 and its mandatory requirements existed when he was sentenced and as such, do not qualify as a post-sentencing change in the law. (ECF No. 7).

Petitioner objects to the Report's conclusion on this claim by stating that he is not a "career offender to be placed in a guideline range of 360 months to life." (ECF No. 10). Petitioner argues there is "no verified documentation in the Record of this case for the Court to issue its final ruling on this matter." (ECF No. 10). Although Petitioner's objections are not sufficiently specific to the direct the Court to a specific error in the Report, the Court construes the objections in the light most favorable to Petitioner. It appears that the "verified documentation" Petitioner is referring to is the information required by § 841. However, *Wheeler* requires a subsequent change in the law and as the Magistrate Judge correctly concludes, the requirements set forth in § 841 were available when Petitioner was sentenced. Therefore, Petitioner's claims under § 841 regarding his career offender status do not satisfy *Wheeler*. (ECF No. 1).

Although it appears that within this same objection Petitioner makes an additional argument that he is eligible for a sentencing reduction under sentencing amendments 782 and 788, Petitioner is actually quoting portions of the District Court's Order in the Middle District of Tennessee. (C/A No: 3:09-cr-00047 ECF No. 498). In its Order, the Court reappoints counsel for

Petitioner from the Federal Public Defender's Office to "look into the issue of whether Petitioner is entitled to relief under the recent sentencing amendments." (ECF No. 498). Accordingly, it is unnecessary for this Court to consider this issue in Petitioner's Objections. Therefore, the Court dismisses Petitioner's claims challenging his sentence. (ECF No. 1).

### b. Claims Involving Legality of Conviction

Although Petitioner does not list any grounds for relief directly challenging his conviction, the Report analyzes whether Petitioner's claims would satisfy the three-part test set forth in *Jones*. *In re Jones*, 226 F.3d 328, 334-34 (4th Cir. 2000).[3] The Report concludes that Petitioner cannot use the savings clause to challenge his conviction because his claims do not involve a substantive change in the law to satisfy the second requirement and his ineffective assistance of counsel claims are not new or constitutional to satisfy the third requirement. (ECF No. 7). Petitioner objects that he has satisfied the requirements set forth in *Jones* because there has been a retroactive change in the law which has rendered his mandatory minimum unduly increased. (ECF No. 10). Petitioner's argument is misplaced. *Jones* relates to a Petitioner's challenge to his conviction whereas, Petitioner's argument regarding his "mandatory minimum" relates to his sentence. Further, Petitioner does not explain what retroactive change in the law he is referring to. (ECF No. 10). Additionally, Petitioner makes other arguments in his Objections related to the evidence and testimony presented at trial. (ECF No. 10). However, these arguments fail to satisfy the three-part

---

[3] In Jones, the Court created a three-part test for using the savings clause to challenge convictions. The Court held that § 2255 is inadequate or ineffective to test a conviction's legality when: 1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; 2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted deemed not to be criminal; and 3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d 328, 334-34 (4th Cir. 2000).

test in Jones because they do not involve a subsequent change in the law. Therefore, the Court dismisses any of Petitioner's claims challenging his conviction. (ECF No. 1).

### c. Jurisdiction

As the Court has concluded that Petitioner's claims challenging his sentence and conviction do not qualify for use of the savings clause, the Magistrate Judge is correct that this Court lacks jurisdiction over Petitioner's petition. Therefore, the petition is dismissed. (ECF No. 1).

### d. Certificate of Appealability

The Magistrate Judge recommends that this Court not issue a certificate of appealability in this case. (ECF No. 7). The Court agrees with the Magistrate Judge that Petitioner has not demonstrated a basis for issuing a certificate in this case. Petitioner does not object to the Report's conclusion on this issue. Therefore, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's Report and Recommendation fairly and accurately summarizes the facts and applies the correct principles of law. (ECF No. 7). Accordingly, the Court adopts the Report and Recommendation. (ECF No. 7). Petitioner's petition is dismissed. (ECF No. 1). Further, because Petitioner has failed to make a "substantial showing of the denial of constitutional right," a certificate of appealability is denied. 28 U.S.C. §2253(c)(2).

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

October 10, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge